# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RENEE MCQUEEN,<br>        Plaintiff,<br><br>v<br><br>HOMESTEAD BOROUGH,<br>        Defendant. | ) <br> ) <br> ) <br> ) 2:14-cv-933 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION AND ORDER OF COURT

For the reasons set forth below, the Court will dismiss the pro se Complaint in this case pursuant to 28 U.S.C. § 1915(e)(2)(B).

Procedural History

On July 14, 2014, pro se Plaintiff Renee McQueen ("McQueen") filed a motion to proceed in forma pauperis ("IFP"). In the attached Complaint McQueen alleges, without specific details, that her house was damaged. Apparently, an unidentified "item" fell on her house while an adjoining property was being demolished and caused $15,000 in property damage.

After evaluating the financial status of Ms. McQueen and determining that she was unable to pay the requisite filing fee, the Court granted her motion to proceed IFP. However, the Court did not instruct the United States Marshal to effectuate service of the Complaint on the named Defendant, Homestead Borough ("Homestead").

Discussion

A district court must conduct a "two-step analysis in evaluating motions to proceed under

§ 1915." *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990). The court must first evaluate the plaintiff's "financial status and determine[] whether (s)he is eligible to proceed *in forma pauperis* under § 1915(a)." *Id.* The determination of whether to grant or deny IFP status is "based on economic criteria alone." *Id.* Second, the court must analyze the complaint under § 1915(e) to determine whether it should proceed or be dismissed. *Id.* In making this determination, the Court must liberally construe the allegations in the complaint. *Higgs v. Att'y Gen.,* 655 F.3d 333, 339–40 (3d Cir. 2011).

As the Supreme Court of the United States has made clear in *Bell Atlantic Corp. v. Twombly*, the Complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. 554, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).

The factual allegations of this Complaint fall far short of stating a claim upon which relief may be granted. There are only seven paragraphs in the entire Complaint, one of which states: "There is no additional information." The Complaint does not contain any chronological dates, property addresses or other factual details and does not articulate a legal theory other than an assertion that this Court may exercise "civil jurisdiction." Most troubling, although Homestead Borough is named as the sole Defendant, the Complaint is wholly silent as to what Homestead Borough allegedly did (or failed to do.) The Complaint merely alleges that "they" dropped something on her roof while a next-door property was being demolished. It is entirely unclear whether Homestead Borough owned the property being demolished, whether its agents

were performing the demolition activities, or whether Plaintiff seeks to hold Homestead Borough liable in some other capacity.[1] The mailing address provided by Plaintiff to the Court is not located in Homestead, Pennsylvania. In sum, the facts pled do not state a valid claim.

Moreover, this Court appears to lack subject-matter jurisdiction. It is readily apparent from the face of the Complaint that Plaintiff and Defendant are both citizens of Pennsylvania, such that this Court does not have diversity of citizenship jurisdiction. Based on the scanty factual recitation, the Court is unable to discern a basis for federal question jurisdiction. In sum, the Court concludes that the Complaint is baseless and it must be dismissed.

Leave to Amend

Pursuant to Fed. R. Civ. P. 15(a)(2), a "court should freely give leave [to amend] when justice so requires." The interests of justice are enhanced when the Plaintiff is pro se and is attempting to articulate a civil rights claim, such that a court should provide leave to amend, even if the Plaintiff does not request it. *Tate v. Morris Cnty. Prosecutors Office*, 284 F. App'x 877, 879 (3d Cir. 2008). However, a plaintiff should not be allowed to amend a complaint if such amendment would be inequitable or ultimately futile.

Based on the existing record, the Court harbors significant doubt as to whether Plaintiff will be able to re-plead a valid claim. Nevertheless, in the absence of any apparent prejudice to Defendant, she will be afforded an opportunity to do so. The Court cautions that if Plaintiff chooses to file an amended complaint, it will be important to assure that it contains sufficient factual allegations to render the claim(s) "plausible" in compliance with the pleading standard set forth in *Twombly* and *Phillips,* because the Court is unlikely to afford her a third opportunity.

---

[1] Thus, the Court is unable to analyze Homestead's potential immunity. See 28 U.S.C. § 1915(e)(2)(B)(iii).

Conclusion

In accordance with the foregoing, Plaintiff's Complaint will be **DISMISSED**. If Plaintiff seeks to file an amended Complaint, she must do so on or before November 14, 2014.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RENEE MCQUEEN,**<br>    Plaintiff,<br><br>v<br><br>**HOMESTEAD BOROUGH,**<br>    Defendant. | )<br>)<br>)<br>)<br>) 2:14-cv-933<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER OF COURT

AND NOW, this 28th day of October, 2014, in accordance with the foregoing Memorandum Opinion, **IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that Plaintiff's Complaint is **DISMISSED without prejudice**.

If Plaintiff chooses to file an amended Complaint, she must do so on or before November 14, 2014.

                                                            BY THE COURT:

                                                            s/Terrence F. McVerry
                                                            United States District Judge

cc:   **RENEE MCQUEEN**
      5158 Dresden Way
      Pittsburgh, PA 15201
      (Via US Mail)